# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | |
|---|---|
| JOSHUA MALLORY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-2409-SHL-tmp |
| | ) |
| MEMPHIS AREA TRANSIT AUTHORITY | ) |
| and TYE L/N/U, | ) |
| | ) |
|     Defendants. | ) |

___

## REPORT AND RECOMMENDATION
___

On June 15, 2021, plaintiff Joshua Mallory filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The undersigned entered an order granting Mallory leave to proceed *in forma pauperis* on June 21, 2021. (ECF No. 7.) Accordingly, the court must screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed.

### I.    PROPOSED FINDINGS OF FACT

On June 15, 2021, plaintiff Joshua Mallory filed a § 1983 complaint against defendants Memphis Area Transit Authority

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

("MATA") and an individual identified simply as "Tye," a MATA employee working in customer relations. (ECF No. 1, at 2.) According to the complaint, Mallory is in possession of several video recordings showing misconduct and sexual harassment by MATA bus drivers. (Id.) Mallory attached a letter to his complaint alleging that MATA employees have engaged in "hostility" and inappropriate behavior, including leaving Mallory and other passengers at bus stops. (ECF No. 1-1, at 1.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Section 1915 Screening

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-

Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe pleadings and documents filed by *pro se* litigants liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786; see also Hayes v. Shelby County Tr., 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) ("*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure.") Courts "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). Similarly, courts are

not "required to create" a *pro se* litigant's claims, Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003), or "ferret out the strongest cause of action on behalf of *pro se* litigants," Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011).

**B.    § 1983 Claims**

To successfully plead a Section 1983 claim, a plaintiff must allege "(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995)).

The court will assume for the purposes of this § 1915 screening that MATA is subject to suit under § 1983 as a local government entity. See Mattox v. Memphis Area Transit Authority, No. 19-2013-MSN-dkv, 2019 WL 2323642, at *2 (W.D. Tenn. Mar. 8, 2019). "A governmental entity is liable under § 1983 if an 'officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right.'" Id. (quoting Doe v. Claiborne Cty., 103 F.3d 495, 507 (6th Cir. 1996); citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). A local

government entity cannot be held liable under § 1983 for the constitutional violations of its employees under a theory of *respondeat superior*. Id. (citing Monell, 436 U.S. at 691); see also Bible Believers v. Wayne Cty., 805 F.3d 228, 260 (6th Cir. 2015). Rather, a governmental entity may be held directly liable only "for unconstitutional policies, practices, or customs that were the 'moving force' behind the deprivation of plaintiffs' rights." Pethtel v. State Dep't of Children Servs., No. 3:10-CV-469-TAV-HBG, 2020 WL 6827791, at *16 (E.D. Tenn. Nov. 20, 2020) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)). "[A] plaintiff must allege a specific rights violation to successfully state a claim under § 1983." Mattox, 2019 WL 2323642, at *2 (citing Johnson v. City of Detroit, 446 F.3d 614, 618–22 (6th Cir. 2006)).

Mallory's complaint fails to state a claim under § 1983 because it does not identify any constitutional right or provide factual allegations sufficient to plausibly establish any constitutional violation. Moreover, Mallory does not identify any MATA policy or custom that caused him harm. Accordingly, Mallory's complaint fails to state a § 1983 claim against MATA. In addition, Mallory's complaint contains no factual allegations regarding defendant "Tye." Accordingly, the complaint fails to provide Tye with notice of any claim against him, let alone

allege that he engaged in any unconstitutional conduct. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Heyerman v. Cty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability").

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 21, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**