IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA MALLORY, | ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | No. 2:21-cv-02409-SHL-tmp |
| MEMPHIS AREA TRANSIT AUTHORITY and TYE L/N/U, | ) ) ) | |
|     Defendants. | ) ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Before the Court is Magistrate Judge Pham's Report and Recommendation regarding Plaintiff's Complaint (Report), filed June 21, 2021, recommending that the Court dismiss the Complaint. (ECF No. 8.) Plaintiff filed Objections to the Report on July 13, 2021, and July 28, 2021. (ECF Nos. 9, 10.)[1] However, because Plaintiff's Objections are general objections to the dismissal of his Complaint, which do not challenge any specific portion of the Report, the Court reviews the Report for clear error.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district

---

[1] Pursuant to the Federal Rules, the Report instructed that Plaintiff had 14 days to file objections, making any objections due by July 5, 2021. (ECF No. 8 at PageID 20.) While Plaintiff's objections are both untimely, as Plaintiff is pro se, the Court considers them herein.

court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In his July 13th filing, Plaintiff nominally objects to the Report, asserting that he has proof to support his allegations. (ECF No. 9.) However, as with his Complaint, Plaintiff makes no specific factual allegations to plausibly establish a constitutional violation by the Memphis Area Transit Authority ("MATA") or Defendant "Tye." Rather, Plaintiff vaguely asserts that he has proof to support his allegations, "proof of videos," and attests to his feelings that he has suffered multiple violations of his constitutional rights. While Plaintiff may very well have proof, he must allege facts to support his claims, not just say they exist. Without factual allegations, Defendants cannot know what they are accused of.

In his July 28th filing, Plaintiff supplemented his objection with what appears to be an omnibus objection to this Report and other reports filed by Magistrate Judges in other cases Plaintiff has filed. (ECF No. 10.) As to this case, Plaintiff echoes his assertion that he has evidence and "proof of videos," but does not provide any further specificity, nor provide any of that alleged evidence.[2] Again, whether Plaintiff has evidence as to his claims against Defendants, the Court cannot opine. But, evidence or not, Plaintiff must plausibly state a claim in his pleading, which he has not done in his Complaint.

Thus, the Court reviews the Report for clear error and finds none. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

---

[2] Plaintiff also appears to add a claim in the second, omnibus objection against a "white racist female" who allegedly denied Plaintiff legal services in a public legal clinic. (ECF No. 10.) This allegation does not appear to be connected to the claims in this Complaint, which concerned alleged discriminatory treatment by MATA and Defendant "Tye." Thus, to the extent Plaintiff is raising a separate claim, there are insufficient allegations to support it.

**IT IS SO ORDERED,** this 2nd of August, 2021.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE